IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dr. Anthony B. Jones, Sr., | C/A No. 0:16-1828-RBH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sgt. Jean Myers, | |
| Defendant. | |

The plaintiff, Dr. Anthony B. Jones, Sr., a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

Jones alleges that on May 18, 2016, while he was detained at the Barnwell County Detention Center, the defendant "mistakenly" gave him medication that was prescribed to another detainee with a name similar to Jones's name. (ECF No. 1 at 5-6.) Jones claims the medicine made him feel as if he were suffering a heart attack, caused shortness of breath, and eventually triggered a seizure that caused him lose consciousness and control of his bladder. (Id. at 6.) Jones indicates he was transported by an emergency medical vehicle to Allendale/Fairfax Community Hospital to be treated by a doctor. (Id.)

Jones filed this Complaint asking the court to prevent the defendant from dispensing any medication at the jail. (Id.) He also asks to be protected from retaliation by jail officials. (Id.)

Further, he seeks $100,000 in punitive damages to ensure a similar incident does not happen in the future. (Id.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

Jones's Complaint was filed pursuant to 42 U.S.C. § 1983 on a standard prisoner complaint form.  The court construes the Complaint as purporting to raise a claim of deliberate indifference to Jones's medical needs in violation of the Fourteenth Amendment.[2]  However, as discussed below, the court finds that Jones's Complaint should be dismissed for failure to state a claim on which relief can be granted.

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

To state a claim for deliberate indifference, an inmate must establish two requirements:  (1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).[3]  In the medical context, an inmate "must demonstrate that

---

[2] The Complaint does not expressly state a recognized legal cause of action.

[3] Pretrial detainees complaining of inadequate medical care proceed under the Fourteenth Amendment, rather than the Eighth Amendment.  See Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001) (noting that "the Fourteenth Amendment rights of pre-trial detainees 'are at least as great as the Eighth Amendment protections available to a convicted prisoner' ") (citation omitted).  The standard for reviewing such claims is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs.  Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle, 429 U.S. at 97).  Though Jones is currently incarcerated, the incident that is subject of this lawsuit occurred while he was detained prior to his trial.



the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106.

The court finds Jones has failed to state a plausible claim for deliberate indifference to his medical needs pursuant to § 1983 because the Complaint expressly states that the defendant "mistakenly" provided him with the wrong medication. Jones's allegation that the defendant's act was a mistake, repeated multiple times in the Complaint, only plausibly states a claim for negligence, which is not sufficient to state a claim under § 1983.[4] See Estelle, 429 U.S. at 106. Accordingly, the facts alleged in Jones's Complaint fail to state a federal claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[4] To the extent Jones attempts to state a state law claim of negligence against the defendant, the Complaint fails to show that the court independently has subject matter jurisdiction over such a claim. See Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]"). Accordingly, the court recommends that supplemental jurisdiction not be exercised over any state law claim for negligence.



### III.     Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

August 26, 2016  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).