UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dr. Anthony B. Jones, Sr., | ) Civil Action No.: 0:16-cv-01828-RBH |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Sgt. Jean Myers, | ) |
| Defendant. | ) |

Plaintiff Dr. Anthony B. Jones, Sr., a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against Defendant Sgt. Jean Myers. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 10. The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. R & R at 1, 6.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff is currently a state prisoner, but his lawsuit stems from an incident that allegedly occurred on May 18, 2016, while he was a pretrial detainee at the Barnwell County Detention Center. Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 by filing the standard complaint form used by prisoners in civil rights actions. *See* ECF No. 1. In his complaint, Plaintiff alleges Defendant Myers "mistakenly gave" him medication that belonged to another detainee.[3] *Id.* at 6. Plaintiff claims that after he took the medication, he suffered "what felt like a heart attack and shortness of breath," went into a seizure, and lost consciousness. *Id.* Plaintiff further alleges he had to be transported by EMS to

---

[2] The R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

[3] Plaintiff—whose name is Anthony *Jones*—explains Defendant Myers "made a mistake" by administering him medication intended for Anthony *James*, who was Plaintiff's former cellmate and had left jail the prior day. ECF No. 1 at 8; ECF No. 1-1 at 1-2. Plaintiff alleges he took the medication because he "was under the impression that [his] mom had brought [his] prescription to the jail." ECF No. 1-1 at 2.

2

a hospital for medical treatment. *Id.*

The Magistrate Judge has liberally construed Plaintiff's complaint as purporting to raise a claim of deliberate indifference to his medical needs in violation of the Fourteenth Amendment. R & R at 4 & n.3.[4] The Magistrate Judge recommends summarily dismissing the complaint because Plaintiff has failed to state a plausible deliberate indifference claim. *Id.* at 5. In making this recommendation, the Magistrate Judge relies on the fact that Plaintiff repeatedly alleges Defendant Myers's act was a "mistake," which only plausibly states a claim for negligence and is insufficient to state a claim under § 1983. *Id.*

Initially, the Court notes Plaintiff has not specifically objected to the Magistrate Judge's finding that he has failed to state a plausible § 1983 claim for deliberate indifference to his medical needs. Having found no clear error in the R & R, the Court agrees with the Magistrate Judge's recommendation to summarily dismiss Plaintiff's complaint on this basis. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections).

Within the time for filing objections, Plaintiff filed a handwritten complaint reiterating his

---

[4] The Magistrate Judge correctly analyzed Plaintiff's deliberate indifference claim under the Fourteenth Amendment rather than the Eighth Amendment. Because Plaintiff was a pretrial detainee and not a convicted prisoner at the time of the alleged incident, the Due Process Clause of the Fourteenth Amendment—not the cruel and unusual punishment prohibition of the Eighth Amendment—governs his deliberate indifference claim. *See Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987) ("[W]hile the Eighth Amendment is properly invoked on behalf of those convicted of crimes, it is the Due Process Clause of the Fourteenth Amendment that applies to pretrial detainees . . .."). Moreover, the Magistrate Judge properly relied on Eighth Amendment jurisprudence in analyzing Plaintiff's claim. *See Turner v. Kight*, 121 F. App'x 9, 13 (4th Cir. 2005) ("While a pre-trial detainee's rights with respect to claims of deliberate indifference to serious medical needs are prohibited by the due process clause of the Fourteenth Amendment, rather than the Eighth Amendment, with respect to such claims, a pretrial detainee's due process rights are co-extensive with a convicted prisoner's Eighth Amendment rights."); *Westmoreland v. Brown*, 883 F. Supp. 67, 72 (E.D. Va. 1995) ("Eighth Amendment jurisprudence has addressed the contours of the term 'punishment' which lies at the core of the protection of inmates afforded by both the Eighth and Fourteenth Amendments.").

factual allegations against Defendant Myers. *See* ECF No. 12. Similar to his original complaint, Plaintiff claims Defendant Myers "***unconsciously*** issued Plaintiff improper medication that was later discovered" to have "belonged to another detainee with a similar name as the plaintiff that was housed within the same . . . dorm as Plaintiff within the . . . facility." *Id.* at 2-6 (emphasis added). For reasons similar to those explained in the R & R, Plaintiff's allegation that Defendant Myers "unconsciously" administered him the wrong medication is insufficient to state a plausible deliberate indifference claim. At best, Plaintiff's allegations establish a case of negligence, but not deliberate indifference.[5] *See* R & R at 4-5 (setting forth the law applicable to deliberate indifference claims); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.").

However, in his newly submitted handwritten complaint, Plaintiff does present a new allegation that Defendant Myers "both consciously and deliberately breached and violated the Hippa Privacy Act" by distributing the medication to Plaintiff. *Id.* at 4-5. Plaintiff's filing and new allegation could be liberally construed as a motion for leave to file an amended complaint. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed pro se is 'to be liberally construed'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

"The [C]ourt should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[6] "[A] request to amend should only be denied if one of three facts is present: the amendment

---

[5] To the extent Plaintiff asserts a state law claim for negligence, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

[6] Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading requires a responsive pleading, within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) states that for all other amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, the

would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (internal quotation marks omitted).

Here, Plaintiff's amendment—which purports to assert a claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA")[7]—would be futile because "HIPAA does not create a private right of action nor does it relate to the distribution of prescription medicines." *Williams v. Jones*, No. 9:07-CV-3437-MBS-GCK, 2008 WL 948285, at *1 (D.S.C. Apr. 4, 2008); *see Johnson v. United States*, No. 3:15-CV-00556-RJC-DSC, 2016 WL 2757609, at *5 (W.D.N.C. Mar. 24, 2016) ("The Fourth Circuit has not addressed the issue. However, the Fifth Circuit and every district court to address this issue have found no private right of action under HIPAA."), *adopted by* 2016 WL 2627043 (W.D.N.C. May 9, 2016), *aff'd by* 2016 WL 6833358 (4th Cir. Nov. 21, 2016). Consequently, Plaintiff's motion for leave to file an amended complaint must be denied.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R & R, and Plaintiff's newly submitted complaint/motion to amend. *See* ECF Nos. 1, 10, & 12. For the reasons stated in this Order and in the R & R, the Court overrules Plaintiff's objections, adopts and incorporates the R & R [ECF No. 10] by reference, and **DISMISSES** this action *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

---

complaint has not been served and no responsive pleadings or motions have been filed, so Rule 15(a)(2) applies. No opposing party has consented to the amendment, so leave of court is required.

[7]     Pub. L. No. 104-191, 110 Stat. 1936 (1996) (codified primarily in Titles 18, 26 and 42 of the United States Code).

5

Florence, South Carolina  
December 19, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge